STATE OF MAINE
KENNEBEC, SS.

UNIFIED CRIMINAL DOCKET
AUGUSTA
DOCKET NO-CR-18-1380

STATE OF MAINE

**ORDER**

V.

LAWRENCE WALSH

The defeudant was charged by complaint dated July 13, 2018 with (1) Criminal OUI (Class D); (2) Operating Without a License (Class E), and; (3) Unlawful Possession of Scheduled Drugs (Oxycodone) (Class D). The Defendant resides in Connecticut.

The Defendant was scheduled to appear for a dispositional conference on October 9, 2018. His motion to continue was granted. The dispositional conference was re-scheduled for October 30, 2018. On November 15, 2018, the Defendant filed a motion to suppress evidence, which was scheduled for hearing on November 27, 2018. On November 26, 2018, however, the Defendant moved to continue the hearing without objection from the State. The hearing was re-scheduled for December 20, 2018. In the meantime, the Defendant filed an amended motion to suppress evidence on December 3, 2018. On or about December 18, 2018, however, the Defendant again moved to continue the hearing without objection from the State.

The motion to suppress hearing was re-scheduled to February 4, 2019. Due to the unavailability of the police officer, who was attending the Maine Criminal Justice Academy, the matter was continued to April 18, 2019. On April 16, 2019, however, the Defendant moved to continue the hearing, which motion was granted without objection from the State. The hearing was re-

scheduled for May 6, 2019 at 1:00 p.m. when it was agreed that the officer would be available to testify. On the morning of May 6, 2019 (a Monday), the State filed a motion to continue because the officer was still attending the Academy and was not available. The Defendant, through counsel, objected to the continuance because the Defendant had traveled from Connecticut to be at the hearing and the continuance request had been filed the very morning of the hearing.

After argument, the court (Stokes, J.) issued the following order: "The State is Ordered to reimburse the Defendant for travel expenses, including mileage, tolls and meals. No further continuance based on the officer's unavailability." The court encouraged the parties to engage in discussions with an eye towards resolving the pending charges against the Defendant while he was at the court for the motion to suppress hearing. The parties, however, were not able to resolve the case at that time.

The hearing on the motion to suppress was re-scheduled to July 1, 2019. The Defendant was not present in court on July 1, 2019 and his counsel advised the court (Mullen, J.) that the motion to suppress was withdrawn and the case should be set for a plea on July 11, 2019 at 8:30 a.m. On July 11, 2019, the Defendant was not present in court and for reasons not disclosed in the case file, the matter was continued to August 6, 2019 at 8:30 a.m.

On August 6, 2019, the Defendant was not present in court. Nevertheless, the parties had arrived at a resolution of the charges as follows: (1) plea of guilty to Count 1 (OUI) for a $500 fine and 150-day loss of license; (2) plea of guilty to Count 2 (operating without a license) for $100 fine, and (3) dismissal of Count 3 (unlawful possession). It was represented to the court (Stokes, J.) that the guilty pleas were by written authorization, which would not require the Defendant's presence. In reviewing the case file, however, the

2

court has re-examined the Defendant's written authorization to plead guilty and it only refers to Count 1 (OUI) and it does not make any reference to Count 2 (operating without a license). Moreover, the court would note that the although the typewritten plea by authorization document states that the Defendant was pleading "guilty," the Defendant apparently included a handwritten statement on the document as follows: "No Contest."

On August 6, 2019, counsel for the State informed the court that the Defendant had not submitted any travel expense documentation consistent with the court's May 6, 2019 Order. Moreover, counsel for the State requested the court to vacate or rescind its May 6, 2019 Order in light of the disposition of the case in a manner that relieved the Defendant from any further appearances before the court. Counsel for the Defendant objected.

While initially considering this matter on August 6, 2019, the court was inclined to order the State (District Attorney's Office) to reimburse the Defendant the sum of $342.02 for tolls, mileage and meals for his trip to the court on May 6, 2019. The court has now had the opportunity to review the case file in its entirety and, upon reflection, concludes that its May 6, 2019 Order should be rescinded.

The prosecution was at fault for submitting a motion to continue on the morning of the May 6, 2019 hearing, when the availability of the officer was a known issue. On the other hand, the Defendant himself continued the hearing on his motion to suppress on numerous occasions and the State accommodated him by not objecting. Moreover, the State made good faith efforts to resolve this case in a manner that would not require the Defendant to be present in court. On balance, the court determines that the Order of May 6, 2019 should be rescinded.

3

Counsel for the parties are directed to consult to clarify: (1) whether the Defendant is pleading guilty or no contest and (2) whether the plea of guilty or no contest includes Count 2.

The entry is:

The court's Order of May 6, 2019 is rescinded.

Dated: August 9, 2019

William R. Stokes
Justice, Superior Court